## BEAN et al. v. INDEPENDENT EXPLORATION CO. et al.

### No. 1681.

Court of Appeal of Louisiana. First Circuit.

Jan. 12, 1937.

Pujo, Bell & Hardin, of Lake Charles, for appellants.

Griffin T. Hawkins, of Lake Charles, for appellee.

LE BLANC, Judge.

This is a companion suit to that of Mrs. Dennis H. (Bonnie) Newton et al. v. Independent Exploration Company et al. (La. App.) 171 So. 875; in which an opinion and decree were this day handed down by the

court. As appears from the opinion in that case, this plaintiff's suit arose out of the same accident. The facts surrounding the accident were fully discussed therein and the defendants held liable for the negligence of the driver of the truck who was the servant and employee of the defendant Independent Exploration Company. In this short opinion, we will merely discuss the quantum of damages.

Mrs. Bean was awarded judgment for her personal injuries in the sum of $2,375. She had asked for $2,875. Mr. Bean, who had joined his wife as plaintiff and demanded $75 for expenses incurred in the treatment of his wife, was awarded $37.33. Mrs. Bean has answered the appeal asking for an increase in the amount of the award. Mr. Bean has not.

Mrs. Bean's injuries consisted of severe abrasions and contusions of, the right chest wall, a fracture of the eighth and ninth ribs, and bruises in the back and lumbar region. Her right knee was badly bruised and swollen, and she also had bruises on the right eye and about the right side of the face. In fact, the doctor says that her entire body was badly bruised and that she was so nervous on the night of the accident that it was impossible then to determine the extent of her injuries. There is a fluid in the joint of her knee which will eventually have to be drained. She has to continue her visits to the doctor, who testifies that her back and knee injuries are of a permanent character.

Mrs. Bean, at the time of the trial, was fifty-eight years of age. She had been a rather busy and active woman. She testifies that she is a practical nurse and that because of her injury to her back, she finds it difficult to assist patients who have to be lifted in bed and to do any work which required bending over. However, she does not say that she has sustained any financial loss in carrying out her vocation as a nurse. She formerly attended to all her domestic duties, did her washing, and even worked in her yard. She says that now, because of her condition, she finds it impossible to do anything but part of her housework.

We think that Mrs. Bean is really entitled to a substantial award but cannot but feel also that the district judge was a bit too liberal in the amount he allowed her. We have concluded to reduce the amount to $2,000, believing that to be ample compensation for all of her injuries.

For the reasons stated, it is now ordered that the judgment appealed from be and the same is hereby amended by reducing the amount awarded to the plaintiff, Mrs. J. K. Miriam Bean, from the sum of $2,375 to the sum of $2,000, and that as thus amended, the judgment be affirmed.